THORNBURG v. BROMFIELD AND BROMFIELD, Executors.*

Contract: VERBAL FOR SALE OF LAND: EQUITY. To justify a court of equity in ordering the specific performance of a verbal contract for the sale of real estate, such contract should be clearly established by the evidence. The facts which were, in the present case, held insufficient to establish a contract of this character, stated and discussed by COLE, J.

### *Appeal from Dallas District Court.*

### WEDNESDAY, JANUARY 29.

STROTHER BROMFIELD and Jesse Bromfield, Jr., as executors of the last will of Jesse Bromfield, Sen., deceased, late of Randolph county, Indiana, brought their action by ordinary proceedings against Levi Thornburg, in the District Court of Dallas county, for the recovery of the possession of 320 acres of land in sections one and two of townships eighty-one, range twenty-eight, in said county. The defendant therein, Levi Thornburg, filed his answer, setting up an affirmative equitable defense.

Afterward, Levi Thornburg brought his action by equitable proceedings, in the same court, against Strother Bromfield and Jesse Bromfield, Jr., as executors of the last will of Jesse Bromfield, Sen., deceased. The cause of action was the same as that upon which the equitable defense was based, but it was stated in the petition with greater particularity and more in detail. The said Thornburg, by his equitable action, seeks a specific performance of an alleged parol contract for the sale and purchase of the identical land for the recovery of the possession of which the Bromfield executors brought their ordinary action. The plaintiff, Thornburg, claims, that, in April, 1864, he made a parol contract with the defendant Strother Bromfield, as executor, etc., for the purchase of the land in controversy; that, at the time of the making

of the contract, all the parties resided in Randolph county, Indiana, where the contract was made; that, after their first interview, Thornburg came to Iowa and looked at the land; that, upon his return, the contract was concluded, whereby Thornburg was to have the land for whatever three disinterested men living in its vicinity and selected by the parties would appraise it at; one-third the purchase price was to be paid down, and one-third each in nine and eighteen months; if the land should be appraised at five dollars per acre or less, Thornburg was to pay five dollars, but if appraised at five dollars or more, he was to pay the appraisement price; that Thornburg left and came to Iowa, and took possession of the lánds in four days after the contract, and under and pursuant to it; the deed was to be handed in three or four weeks to a relative of his, who was to hand over the money and notes.

On motion of Thornburg, the ordinary action by the executors against him was transferred to the equity docket, and consolidated with his equitable action against the executors. The causes were tried together, and the District Court found for the plaintiff Thornburg; decreed specific performance of the parol contract, and rendered judgment for him in the ordinary action for the possession. The executors appeal.

*Williamson & St. John* for the appellants.

*C. C. Nourse* and *J. R. Reed* for the appellee.

Cole, J. — The respective counsel, in their oral arguments, discussed, with learning and ability, certain legal questions involved in the different hypotheses of fact disclosed by the testimony; such as the power of the executors, under the language of the will, to sell and convey the real estate in controversy; the authority of one exec-

utor, both having qualified and being still alive, to make
the alleged contract, the other executor manifesting a
purpose to take no part in the disposition of this particular and other real estate situated in Iowa, etc.

But preliminary to these legal questions, is the one of
*fact*, whether there is established by the evidence, a con-
CONTRACT:    tract for the sale and purchase of the land in
verbal for sale
of land: equity. controversy.   We are agreed in the opinion
(not without some hesitation and doubt on the part of the
writer) that the plaintiff has failed to establish the alleged
contract by such evidence as will justify a court of equity
in specifically enforcing it.   We need state only a few of
the leading thoughts resulting in this conclusion.   The
fact that there was a contract of sale is testified to only
by the plaintiff and one witness, and they differ as to its
terms; one testifying that the payments were to be in
cash, one-third down, and one-third each in nine, and
eighteen months; and the other, that the land was to be
paid for at once upon delivery of deed, one-third in cash,
and the other two-thirds in promissory notes, executed to,
and held by, plaintiff upon third parties.

Against this, we have the testimony of the defendant
Strother Bromfield, with whom the alleged contract is
claimed to have been made, that he never did make any
contract for the sale of the land to plaintiff.

We have also the testimony of two other witnesses
who were present at the time the plaintiff and his witness testify the contract was made, and they both testify
in direct and positive terms that no such contract was
made.   A critical analysis of all the evidence, however,
discovers a doubt as to whether the defendant's witnesses
testify of the same conversation in which the plaintiff
claims the contract was made; but the defendant and
his witnesses verify it to be the same.   If it be the same,
then it is very clear that the weight of evidence is, that

no such contract was made ; if it be another conversation, however, still it leaves the plaintiff without that clearness and certainty of evidence requisite to entitle a party to a specific performance. Especially is this so, when it is remembered that there is no single fact established in the case, inconsistent with the defendant's claim, to wit, that there was only a negotiation for, and not a contract of sale of the land. A few of the established or conceded facts will show with reasonable certainty the correctness of our conclusion.

No definite price for the land was agreed upon. No steps were ever taken toward the selection of appraisers to fix the price. No part of the consideration was ever paid or tendered, although the suit at law for the recovery of the possession was not brought until two years after the alleged contract. Neither party supposed that the executors had the power to make a valid contract of sale of the land, until an order of court therefor was duly made ; and in the conversations it was distinctly understood by both parties, after consulting counsel, that application was to be made to the proper court for an order of sale. As soon as defendants knew that plaintiff had taken possession of the land they objected thereto, and within two months notified him to leave the same. Although the plaintiff claims that the deed was to be made, and the third of the consideration paid within three or four weeks after the verbal contract was made, no demand for the deed, or offer to pay, was made until after suit brought for the recovery of the property. The only fact relied upon to take the contract out of the statute of frauds is, that possession was taken by the purchaser. The defendants and their witnesses deny positively that any leave to take possession was ever given to plaintiff ; and plaintiff's possession is as easily attributed to his own wrong, as to any right under a

verbal contract; and that defendants objected thereto as soon as they had knowledge of it, and within about two months from his entering thereon, is proved by the plaintiff himself.

Without pursuing the subject further, we may say, that against our first impressions, as received upon argument, and after a careful reading and rereading of the entire transcript and evidence (about three hundred and fifty pages) we are brought to the conclusion that plaintiff has failed to so sufficiently and clearly establish a verbal contract for the sale of the land as will justify a court of equity in ordering a specific performance of it.

The judgment of the District Court will, therefore, be reversed and the cause remanded; and the equitable action brought by Thornburg against Strother Bromfield and Jesse Bromfield, Jr., Executors, etc., will be dismissed absolutely at plaintiff's costs. The ordinary action by Strother and Jesse Broomfield, Executors, etc., against Thornburg, will be retransferred to the ordinary docket and set down for trial upon the issues made other than the equitable one.

Reversed.